HARRY LITWIN et al. Doing Business as WOODBOURNE LANDSCAPE CO., Respondents, v. GRAND CENTRAL APARTMENTS INC., Appellant.—

Issue was joined on April 26, 1957. Thereafter, on December 9, 1957, plaintiffs filed a note of issue. Following a pretrial hearing on March 5, 1959, plaintiffs served a notice to examine the defendant before trial. On defendant's motion an order was made on April 1, 1959 striking the case from the calendar and directing the defendant to serve a copy thereof on the Calendar Clerk. Both parties held examinations before trial on June 5, 1959. On April 2, 1960 an order was entered, pursuant to subdivision 2 of rule 302 of the Rules of Civil Practice, dismissing the complaint for failure to prosecute. By motion returnable November 28, 1960, plaintiffs moved to vacate their default and to restore the action to the calendar. It is incumbent upon the movant to show a meritorious cause of action and a reasonable excuse for the delay (*Walsh* v. *Ben Riley's Arrowhead Inn,* 2 A D 2d 714; Rules App. Div. [2d Dept.], Special Rule, as amd. eff. Nov. 18, 1957; cf. Nassau County Supreme Court Rules, rule 2, subd. [e]), which, in our opinion, the movant failed to

establish. Under such circumstances, the granting of the motion was an improvident exercise of discretion. Nolan, P. J., Ughetta and Brennan, JJ., concur; Beldock and Pette, JJ., dissent and vote to affirm on the ground that under all the circumstances here it may not be said that the Justice at Special Term abused his discretion in granting the motion and restoring the action to the calendar.